# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-785V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

CYNTHIA HAMILTON *and* ROBERT
HAMILTON, *parents and natural
guardians of* R.M.H*., a minor,*

Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: September 11, 2017

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine
Act; Denial Without Hearing.

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Ann Donohue Martin*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 28, 2014, Cynthia and Robert Hamilton filed a petition on behalf of their minor child, R.M.H., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Haemophilus Influenzae Type B ("Hib"), MMR, Pneumococcal ("Prevnar"), and Hepatitis B vaccines that R.M.H. received on August 30, 2011, and the Varicella,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

DTaP, and Influenza ("flu") vaccines received on November 2, 2011, caused him to develop chronic encephalopathy, manifesting as autism-like symptoms. *See* Petition ("Pet.") at 1-4.

After Petitioners filed medical records in late November 2014, the parties filed a joint status report stating that they believed sufficient medical records had been filed, but would confer on a continuing basis to determine if additional medical records were needed. The parties requested 45 days to file date their Joint Statement of Completion. *See* Report, dated Nov. 25, 2014 (ECF No. 14). Thereafter, Petitioners obtained and filed additional medical records in early June 2015.

On April 27, 2016, I issued an order staying the matter until August 31, 2016, however, due to other parallel proceedings pending review at the Court of Federal Claims or the Court of Appeals for the Federal Circuit that all sides agreed might bear on the case's resolution. *See* Order dated Apr. 27, 2016 (ECF No. 39). In that order, I also informed the parties that reasonable basis appeared lacking, because Petitioners' causation theory had been repeatedly rejected in numerous recent post-OAP cases. The matter remained stayed until June 30, 2017. On July 6, 2017, I issued an order directing counsel to discuss with Petitioners whether their claim remained viable in light of the anticipated decisions from the Court of Federal Claims. Petitioners thereafter filed a motion to dismiss on August 18, 2017 acknowledging that, after consideration of the facts and law, they did not expect to be able to establish entitlement in this case. ECF No. 40.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that R.M.H. suffered a Table injury. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master